The cause was argued at October term 1821, by Bigelow, for the plaintiff, and Lincoln, for the defendant; and the opinion of the Court was delivered at this term, by
Parker C. J.
The object of this suit is, to recover of the assignee of a mortgager the value of the rents and profits of the land mortgaged, from the commencement of the action to foreclose, brought by the present plaintiff, the mortgagee, to the time of possession taken by virtue of the writ of possession.
The defendant stands in the place of the mortgager, so that the question submitted is the same as if the present action were between the mortgagee and mortgager ; and in this view it must be considered an experiment, no such action having been h.therto brought, either in this country or in England, as far as we can discover from the books which we have been referred to, or others which we have examined. The ground taken by the plaintiff’s counsel is, that the mortgager, left in possession without any covenant or agreement to that effect, is to be considered strictly a tenant at will ; that his estate was determined by the commencement of the suit against him upon the mortgage deed, and that his subsequent possession was wrongful: so that he ought to account for the rents and profits, in the same manner as if he had been a disseisor in fact without any title. But this proceeds upon a mistake of the relation between mortgager and mortgagee. It seems to be admitted, that the mortgager was not a trespasser, or accountable for the *90 rents and profits, before he was served with the writ in the action to foreclose. He is, it is true, considered as a mere tenant at will, and, according to our practice, and to the decision of the Court of King’s Bench, reported in Douglas, 21, he may be ejected without any notice to quit. Yet he is in many respects the owner of the land, and, when left in possession, there must be an implied understanding that he is to occupy and improve in the same manner as before the execution of his mortgage. The mortgagee may enter and dispossess him, or may maintain a writ of entry against him and recover possession, but, until this is done, he has the same rights that he would have, if he had never mortgaged, except that he cannot law fully do any thing to impair the estate or the security of the mortgagee. He cannot, therefore, be considered a trespasser until after an entry by the mortgagee; so that trespass for mesne profits cannot be maintained, that action being founded upon a disseisin done to him who recovers in a writ of entry : nor can assumpit be maintained, for there is no express or im plied promise to pay ; on the contrary, there is always, in such cases, an implied agreement, that the mortgager shall take the rents ánd profits to his own use, until he shall be lawfully dispossessed. The action brought ■ by the present plaintiff upon her mortgage was to get possession, under a judgment, in order that the time of foreclosure might commence, if the condition should not be performed. The judgment itself, under our statute, does not give an absolute right of possession ; in short, the action may be considered as a mode of recovery of the debt secured, or damages for the breach of the condition of the deed ; for it is not until sixty days have elapsed after-the judg ment, without payment of the sum ascertained to be due, that any right of possession is vested in the mortgagee. So that the mortgager’s estate remains until that time unimpaired by the suit. Indeed, to give an action to the mortgagee for the mesne profits, would seem unnecessary, for he must account for them, in case a redemption should take place.
It is true, that when the estate mortgaged is not full security for the debt, the profits would be useful to the mortgagee, as a means of payment; but to obtain them, he should enter early, or bring his 'writ of entry, which he may do immediately upon *91 the execution of the deed ; if he chooses to lie by, and suffer the mortgager to keep possession, he consents that the intermediate profits may be received by him and held without account. Though this question does not seem to have been brought directly before the Court, yet there are cases in which the principle has been considered, and it seems always to have been taken for granted, that such a claim as this cannot be maintained. Thus Lord Hardwicke, in the case of Mead v. Lord Orrery, 3 Atk. 244, says, “As to the mortgager, I do not know any instance where he keeps in possession, that he is liable to account for the rents and profits to the mortgagee, for the mortgagee ought to take the legal remedies to get into the possession.” The same eminent judge says in another case, (Higgins v. The York Buildings Company, 2 Atk. 107,) “ In the case of a mortgagee, where a mortgager is left in possession, upon a bill brought by the mortgagee for an account in this court, he never can have a decree for an account of rents and profits from the mortgager for any of the years back during the possession of the mortgager.” And in Doug. 21, Lord Mansfield says, “ The mortgager may be considered as receiving the rents in order to pay the interest, by an implied authority from the mortgagee, till he determine his will.” And if this, be the law in regard to the mortgager, the same holds in regard to his lessee or assignee, as was settled in a case reported in 15 Mass. Rep. 270, (Fitchburgh Cotton Manufacturing Corporation v. Melven,) in which case also is recognized the law as above laid down.[1]

Plaintiff nonsuit.

 Boston Bank v. Reed, 8 Pick. 459. See Atkinson v. Burt, 1 Aikens’s R. 329; Pope v. Biggs, 9 Barn. & Cressw. 245; 4 Kent’s Com. 149,151; Powell on Mortg. (Rand’s ed.) 177, 946; Big. Dig. Mortgage, C. p. 526, note.